(No. 92-CC-1262-)

THE VILLAGE OF LANSING, Third-Party Claimant, *v.* THE STATE OF ILLINOIS and THE ILLINOIS DEPARTMENT OF TRANSPORTATION, Respondents.

*Opinion filed April 11, 1994.*

ANCEL, GLINK, DIAMOND, COPE & BUSH, P.C. (THOMAS A. DICIANNI, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondents.

## OPINION

SOMMER, C.J.

This claim involves a third-party claim for contribution brought by the Village of Lansing, hereinafter the Village, against the State as a result of an underlying personal injury complaint which is pending against the Village and other defendants in Cook County Circuit Court. (No. 90 L 2235.) None of the other defendants has sought contribution from the State. In the underlying civil litigation, the plaintiff has alleged that her injuries resulted from an automobile accident caused by a break in the Village's water main and subsequent ice buildup on the highway:

"At the time and place aforesaid an open water main operated, managed, maintained and controlled by defendant, VILLAGE OF LANSING, caused an accumulation of ice on Interstate Route 80 in the area of the Burnham Avenue overpass." Complaint, Count II, Paragraph 10.

Among the numerous allegations of negligence against the Village, the plaintiff has claimed that the Village failed to clear the ice from the roadway and failed to warn both motorists and the State of the ice. (Complaint, Count II, Paragraph 11 (e)-(g).) In the contribution claim, the Village has admitted that its water main break was the sole source of the ice, but then the Village has in turn claimed that the Department of Transportation negligently failed to address the ice buildup. The State has moved to dismiss the contribution claim based on section 9—113(g) of the Illinois Highway Code:

"It shall be the sole responsibility of the entity [operating a pipeline across any highway], without expense to the State highway authority, to maintain and repair its ° ° ° pipe line ° ° ° and in no case shall the State

highway authority thereafter be liable or responsible to the entity for any damages or liability of any kind whatsoever incurred by the entity ° ° °." 605 ILCS 5/9—113(g).

In its objection and response to the motion, the Village has claimed that the aforementioned statute only applies to liability for damage done to the Village's pipeline and related equipment, that the State has an independent duty to the plaintiff to address the ice build-up, and that that duty supports a contribution claim.

The express language contained in this subsection of the statute states, "in *no* case shall the State highway authority * * * be liable or responsible to the [Village] for *any* damages or liability of *any kind whatsoever* incurred by the [Village] * * *." (Emphasis added.) The statute clearly encompasses more than liability for simple damages to the Village's pipeline and related equipment. The statute attaches to any and every form of liability and damages. Thus, the Village's contribution action is barred, for contribution would be for liability incurred by the Village.

A reading of other portions of section 9—113 of the Highway Code supports this result, for the statute has been carefully drawn to shift the burden of all sorts of expenses away from the State and onto the particular utility or other entity. In subsection (e), for instance, the entity is obligated to reimburse the State for all engineering fees, legal fees, and other expenses which the State incurs. Similarly, subsection (f) allows the State to remove, relocate, or modify the entity's equipment at the entity's expense. Accordingly, reading the provisions of section 9—113 as a whole, it is apparent that the drafters intended that the entity alone, and not the State, is to bear any and all liability or other expense which results from its equipment.

Finally, there is case law which supports this reading of the statute. Although not directly on point, the Appellate Court decision in *Reith v. General Telephone Co.* (1974), 22 Ill. App. 3d 337, 317 N.E.2d 369, makes it clear that, as a licensee from the State to use the right-of-way, the entity has assumed the exclusive duty to keep the public right-of-way safe for passers-by:

"The [entity] had an affirmative, non-delegable duty to take precautions against ° ° ° possible and probable injuries around [equipment] constructed through its franchise or permission obtained from the state ° ° °. [It is] the duty of a licensee to keep [its equipment] along a public right-of-way safe for passers-by ° ° °. The duty or responsibility to keep the public ways safe was nondelegable ° ° °. The plaintiff who was injured while using the public way should therefore look to the [entity] held responsible for the [equipment] ° ° °." 22 Ill. App. 3d 340-43, 317 N.E.2d 373-74.

It is therefore ordered that the Respondent's motion to dismiss is granted, and the Claimant's third party complaint for contribution is hereby dismissed.