(No. 94-CC-1722–)

VILLAGE OF HARRISTOWN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 23, 1996.*

HEYL, ROYSTER, VOELKER & ALLEN (ROY GULLY, of counsel), for Claimant.

JIM RYAN, Attorney General (KAREN MCNAUGHT, Assistant Attorney General, of counsel), for Respondent.

OPINION

EPSTEIN, J.

This is a negligence claim for damages to the Claimant village's equipment, an electrical box and power pole that were located on Old U.S. Route 66, a State highway, pursuant to permit. The damages were allegedly caused by employees and agents of the Illinois Department of

Transportation ("IDOT") while performing mowing operations on the State highway.

This claim is before us on the Respondent's motion to dismiss, which asserts the immunity provision of section 9—113(g) of the Illinois Highway Code. (735 ILCS 5/9—113(g).) The Respondent contends that this statute bars the tort liability asserted in Harristown's complaint, and relies on our construction of section 9—113(g) in *Village of Lansing v. Illinois Department of Transportation* (1994), 46 Ill. Ct. Cl. 429, which was a third-party contribution claim against IDOT.

Because the Respondent has filed its departmental report, and because the Claimant has not disputed the threshold facts asserted in the report on which the applicability of the statute depends, i.e., that the village's equipment was located on a State right-of-way and was located there pursuant to an IDOT permit issued to Claimant, we treat the motion to dismiss as a section 2—619 motion based on the bar of section 9—113(g) immunity supported by the departmental report.

The statute, section 9—113(g), reads as follows, with "IDOT" substituted for the statutory phrase "State highway authority" that is employed in the Highway Code:

"(g) It shall be the sole responsibility of the entity, without expense to [IDOT], to maintain and repair its ditches, drains, track, rails, poles, wires, pipe line or other equipment after it is located, placed or constructed upon, under or along any State highway and in no case shall [IDOT] thereafter be liable or responsible to the entity for any damages or liability of any kind whatsoever incurred by the entity or to the entity's ditches, drains, tracks, rails, poles, wires, pipe line or other equipment."

The terms of the statute, particularly the immunity granted by it to IDOT vis-a-vis an "entity," are stated in unqualified, absolute terms that do not admit of exceptions. This unqualified view and application of the statute was our construction in *Village of Lansing*, and we adhere

to that interpretation, wherever and whenever the statute is applicable. But neither the *Village of Lansing* opinion nor any other decision of this or any other Illinois court have addressed the question of the scope of applicability of this statute.

The arguments in this case have not been particularly helpful on this issue, and neither side has cited us to any precedents relating to this statute or any similar immunity or liability-shifting statute that might provide guidance. The Respondent takes the position that the statute is absolute in its effect and unlimited in its applicability: that anything owned by a municipality or public utility (the most common "entities" in the usage of the Highway Code) that is situated in, on, or under a State highway right-of-way pursuant to IDOT permit is simply open game for any IDOT tort, and IDOT is immune. Period. The Claimant, on the other hand, insists that the General Assembly did not intend to grant a blanket, unlimited immunity from any IDOT activities. The Claimant, however, also cannot point us to any instructive precedent, even by analogy. Neither the litigants nor our own research have discovered any legislative history that might inform our analysis, other than the language of the Highway Code itself.

Neither side of this dispute finds any explicit language in section 9—113, in any of its subparagraphs, nor in any other section of the Highway Code, that addresses the question of scope of applicability in any express terms. The language of paragraph (g) does not contain any express limitations on its applicability, other than the qualifying facts of location on State right-of-way and a proper permit for the equipment of the "entity."

Nevertheless, we agree with the Claimant that the statute was not intended to, and does not, have universal application. Still, we agree with the Respondent and adhere

to our existing construction that where section 9—113(g) applies, it is absolute in the immunity granted to IDOT. (*Village of Lansing, supra.*) Nevertheless, this statute is contrary to the common law of tort liability (sovereign immunity aside), and is thus to be construed narrowly where possible in light of its language. Since the language here does not define the scope of applicability, we look to the statutory context, i.e., the Act and the section containing this paragraph, for an elucidation of the legislative intent of the applicability of this provision.

The Court need not here identify a bright line of applicability for this statutory immunity provision: it suffices for present purposes to observe that its applicability cannot sensibly be broader than the Act of which it is a part, the Highway Code. (Indeed, when this provision was enacted as part of the original Highway Code, the 1870 Constitution contained a restriction in its legislative article limiting the contents of legislation to the "subject" of the enactment. See 1870 Ill. Const., art. IV, section 13 (single subject rule). Thus the impact of this provision could not exceed the "highway" subject of the code.) Similarly, there is no basis for reading this immunity provision any broader than the subject of the section of which it is a part. The draftsmanship of this statute—which placed this immunity clause within a larger section, rather than establishing it as a free-standing provision within the code—suggests that it is but an aspect of the subject addressed in section 9—113, rather than having more general application.

When the scope of section 9—113 is reviewed, it is clear that this section is solely concerned with the sharing of State and township highway right-of-ways with other users under a permit system administered by IDOT. Simply put, section 9—113 creates a regulatory or permit system for the use of State and township real estate by local

governments, public utilities, and purely private parties; it is a land use statute. The immunity and liability-shifting provisions of paragraph (e) are plainly designed to eliminate the State's responsibility for the gratuitous use of its property under this land use statute.

In this context, it follows that section 9—113(g) has no intended application beyond the landuser-landowner liabilities implicated by the statutory land use scheme of section 9—113. This, then, is the consideration that determines the outer limits of the application of section 9—113(g) immunity.

Where the liability asserted against IDOT relates to, or arises out of, the ownership, operation, maintenance or use of the highway or roadway right-of-way, then the section 9—113(g) immunity applies full force and unqualifiedly. Where the asserted liability of IDOT arises independently of, and unrelated to, the ownership, operation, maintenance or use of the right-of-way, then that liability is beyond the read of section 9—113(g) immunity. The inquiry is necessarily a case-by-case and fact-dependent exercise.

In this case, the liability asserted arises from the allegedly negligent operation of mowing equipment by IDOT personnel on the highway. The IDOT activity involved was the mowing of the highway right-of-way, which is clearly related to—and virtually a part of—IDOT's ownership and maintenance of the highway right-of-way. Indeed, this kind of normal maintenance activity is precisely the kind of activity that was plainly intended to be immunized against liability to those using the property under permit.

Thus we find, as we must, that the village's claim predicated on the allegedly negligent mowing operation

is barred as a matter of law by section 9—113(g). For this reason, the Respondent's motion to dismiss must be granted.

The claim is dismissed with prejudice.